NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1508

**TIGER TEAM TECHNOLOGIES, INC.**
(formerly known as Blackwater Tech, Inc.),

Plaintiff-Appellant,

v.

**SYNESI GROUP, INC.** (formerly known as Portogo, Inc.),

Defendant-Appellee.

Appeal from the United States District Court for the District of Minnesota in case no. 06-CV-01273, Judge Ann D. Montgomery.

ON MOTION

Before RADER, Circuit Judge.

ORDER

Tiger Team Technologies, Inc. moves without opposition to transfer this appeal to the United States Court of Appeals for the Eighth Circuit.

In its initial complaint, Tiger Team sought declaratory judgment that its product did not infringe Synesi Group, Inc.'s patent. Tiger Team's complaint also sought relief under several state contract and tort law theories, including relief under the Minnesota Deceptive Trade Practice Act (MDTPA) on allegations that Synesi made public assertions against Tiger Team of patent infringement and that Synesi's statements created a likelihood of confusion and false impression regarding the origin, source, characteristics, and designation of Tiger Team's product. Tiger Team amended its complaint to remove the declaratory judgment claim, but continued to assert the MDTPA claim, which was dismissed by the United States District Court for the District of

Minnesota. After final judgment was issued, Tiger Team filed its notice with the district court that it was appealing the district court's judgment to the United States Court of Appeals for the Eighth Circuit. However, the district court transmitted the appeal to this court.

Tiger Team moves to transfer this appeal to the Eighth Circuit, asserting that the regional circuit, not this court, has proper jurisdiction because the patent question no longer exists. We disagree. This court's jurisdiction depends on whether the plaintiff's complaint as amended establishes that either the federal patent law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 822-24 (1988); Chamberlain Group v. Skylink Tech., Inc., 381 F.3d 1178, 1189 (Fed. Cir. 2004).

Under Minnesota law, a MDTPA claim requires plaintiff to prove the falsity of the allegedly deceptive statement. McClure v. American Family Mut. Ins. Co., 223 F.3d 845, 855 (8th Cir. 2000). Here, Synesi Group's allegedly false statement was that Tiger Team's product infringed its patent. To prove this aspect of the claim, Tiger Team must, inter alia, demonstrate that its product does not infringe Synesi Group's patent. Thus, Tiger Team's right to relief necessarily depends upon resolution of a substantial question of patent law, in that proof relating to patent infringement is a necessary element of Tiger Team's MDTPA claim. See Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 986 F.2d 476, 478 (Fed. Cir. 1993) (applying similar analysis to a Texas state business disparagement claim).

Because it would appear that the right to relief in at least one claim in Tiger Team's amended complaint necessarily depends upon resolution of a substantial

question of patent law, this court has jurisdiction over this appeal. We therefore deny the motion to transfer.

Upon consideration thereof,

IT IS ORDERED THAT:

The motion to transfer is denied. Tiger Team's opening brief is due within 30 days of the date of filing of this order.

FOR THE COURT

NOV 0 2 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Boris Parker, Esq.
Robert Zeglovitch, Esq.

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 0 2 2009

JAN HORBALY
CLERK

2009-1508                          3